# ELIZA KORTRIGHT ET AL.

## v.

# MARIA CRUZ DE GODINES ET AL.

BILL QUIA TIMET—DISCLAIMER—DEMURRER—PLEADINGS—INJUNCTION—
SUIT IN ANOTHER COURT.

1. A disclaimer by a defendant to all of the land described in complainant's bill *quia timet* is sufficient.

2. A general demurrer to a bill *quia timet* which alleges that the defendant, with others, is asserting certain mortgage claims prescribed by limitation, invalid for want of proper registration, and in fact already paid, does not lie.

3. When exceptions to an answer for impertinence involve an examination of the mode of recording mortgages under the Spanish system, and questions of fact, they can properly be referred to a master for report.

4. Where two courts have concurrent jurisdiction, the one acquiring control of the property in contest holds it. It is then *in custodia legis.* The mere pendency, however, of an executory foreclosure suit in one court, custody of the property not having been acquired, does not bar a suit in equity in another court as to the same property.

5. A mortgage proceeding under the local law is merely a summary or executive process, affords no opportunity for equitable relief; and there can be no complete decree as to claims between the parties.

6. One court has no power to enjoin another court; but it can enjoin a litigant *in personam* to prevent a defeat of its action. Where a bill is brought in this court to cancel an obligation, and subsequently there is a proceeding by the creditor in another court to enforce it by an executory and summary proceeding, this court has power to enjoin such litigant from further procedure in such other court, in order to prevent the possible action of this court from being rendered ineffectual.

February 25, 1904.

Kortright v. Cruz de Godines.

HOLT, Judge, delivered the following opinion:

This is a bill *quia timet,* and to remove cloud upon the title of the complainants to a tract of land known as "Pajas," containing some 579 cuerdas. The case is submitted upon various questions.

The bill avers that the defendant Miguel Arzuaga owns adjoining land upon the west of that of the complainants, and is claiming some pretended right to a portion of the latter by virtue of some writing or proceeding unknown to the complainants.

It is asked that his claim be declared void, and that he be enjoined from further asserting it. He has filed an answer and a disclaimer, in which he avers that he does not, and never did, claim any right or interest in the tract of land in the possession of complainants and described in their bill, and disclaims all right, title, and interest, legal or equitable, therein. Exceptions have been filed thereto upon the ground that the disclaimer is evasive and insufficient, and have been set down for hearing. It is claimed that the complainants' bill relates to a certain tract of land containing a certain number of cuerdas, and that the disclaimer relates only to such portion thereof as may be in the possession of the complainants. The disclaimer is signed by the defendant Arzuaga, but is not verified. The absence of this, however, is not one of the grounds of plaintiffs' exceptions. The disclaimer is to all the land in the possession of the plaintiffs described in the bill. This appears to be sufficiently comprehensive. In any event, in the absence of a local statute, a bill *quia timet,* or to remove a cloud from title, only lies when the complainant has both the legal title and the possession; and the disclaimer is certainly as to all the land in the possession of the complainants. Their remedy as to any land not in their possession is by an action at law. It is evident the

defendant Arzuaga, after such a disclaimer, should not be continued a party to this suit. It is also evident there was no cause for suit, or, at least, one of this character, against him, as the disclaimer avers if he had been applied to before suit he would have made such disclaimer. The bill should, therefore, be dismissed as against him; and it is so ordered, with judgment for his costs.

The cause is now also submitted upon a demurrer of defendant Maria Cruz de Godines to the bill. It is a general demurrer. The bill avers that she with other defendants is asserting certain mortgage claims against the land described in the bill, that are prescribed by limitation, that are invalid for want of proper registration, and have, in fact, been paid. The demurrer is overruled; and she is given fifteen days within which to plead, if so desired.

The answer of the defendant Rosario Davila puts in issue the alleged want of proper registration of the mortgage claims, and sets up certain matters of fact in support thereof; also puts in issue their prescription by limitation and their alleged payment; also sets out the manner in which the Sucesión de Doña Foster de la Torre acquired them, and which sucesión is composed in part of the defendants Rosario Davila and Maria Cruz individually and as executor.

Various exceptions have been filed to portions of this answer as being impertinent. In other words, that it is apparent such portions of the answer are not relevant and are immaterial. The complainants, within the proper time, filed their motion that the exceptions be referred to a master or be heard by the court, and the case now stands submitted upon such exceptions.

Formerly, at least, it was the English practice to leave such a case to a master. Under the American chancery practice and equity rule No. 63, it is perhaps the more proper that they

Kortright v. Cruz de Godines.

should be heard by the court, or, at least in the first instance, be set down for hearing before the judge. The latter has, however, already been done, and, in my opinion, under these circumstances it is not an improper practice for the court, if in its opinion the need exists, to call to its aid its master to examine and report upon such exceptions. In this case they involve an examination of the mode of recording mortgages under the system as it existed during the Spanish rule in Porto Rico; how and where it might be done, as well as other questions.

It is, therefore, ordered that said answer and the exceptions thereto be referred to J. R. F. Savage as special master, who will, after notice to the solicitors for the complainants and the solicitors for Rosario Davila, and after hearing them, if desired, at such time and place as he may fix, make report to the court within ten days from now whether the matters set forth in said answer be impertinent in whole or in part; and if in part, will designate such portions, and if the exceptions or any of them should be sustained.

The bill avers that the defendants Belen Torre, Rosario Davila, Arturo and Maria Cruz, as heirs at law of Doña Foster de la Torre, and the latter as executrix, and all constituting the Sucesión de Doña Foster de la Torre, are intending to sue in some court to enforce said mortgage claims against the land described in the bill. It is asked that they be enjoined from doing so. A temporary injunction to this effect is now sought upon notice filed, and which is supported by affidavit to the effect that they are about to so sue in some insular court. Courts should be slow to grant injunctions in such cases, and although this question has been heretofore considered by the court in another case, yet it has been again carefully considered. Unless, however, an injunction will lie in such event this suit will then be pending to cancel said obligations; another suit will

Kortright v. Cruz de Godines.

be pending in an insular court to enforce them. One judgment may be rendered in this court canceling them, and another in the other court enforcing them.

The statement of what may arise is convincing that it should be avoided. It is a rule that where two courts have concurrent jurisdiction, the one acquiring control of the property in contest holds it. This rule is founded on a necessary comity. It prevents unseemly conflicts. When dominion over the property is taken by a court, it is *in custodia legis,* and such custody will not be interfered with by another court. It is settled also that the mere pendency of a foreclosure suit in the state court, custody of the property not having been acquired, does not bar a like suit in the United States court. A mortgage proceeding under the local law is hardly a suit; certainly it is not an action of the ordinary character. It has not the incidents of a bill in equity. It is a summary or executive process summoning the debtor to pay the debt or present a certificate for its cancelation. It is spoken of as an executive trial. It may be said to be merely a demand of payment, and affords no equitable jurisdiction. Claims pro and con cannot be asserted, and there can be no complete decree as to claims between the parties.

In this suit, however, complete justice can be done to all the parties. The claims of the defendants can be asserted by cross bill; or they can contest the statements of the bill, and if the complainants be defeated, then the defendants can sue in any court they choose to enforce their claims. If, after the bringing of this suit to cancel the obligations, suit can be brought elsewhere to enforce them, unnecessary litigation will follow, and it will tend to impair or defeat the possible action of this court in a suit pending in it prior to the beginning of the proceeding in the insular court.

It may be said that this court has no power to enjoin the pro-

ceedings in an insular court by virtue of § 720 of the United States Revised Statutes (U. S. Comp. Stat. 1901, p. 581), forbidding a United States court from enjoining proceedings in a state court. A court may, however, act by injunction *in personam* upon the litigant; and said § 720 is to be construed in connection with § 716 of the United States Revised Statutes (U. S. Comp. Stat. 1901, p. 580), which provides that the United States courts shall have power to issue all writs necessary to the proper exercise of their jurisdiction and essential to the proper administration of justice. This authorizes it to act upon a party by injunction to prevent what will defeat its possible action. This power is necessary to the due administration of justice.

This question was formerly considered by this court in the case of Salazar v. Costa. There a bill was brought to redeem certain mortgage property, it being claimed that the mortgage debt had been mainly paid, and that the complainant had offered and was willing to pay the balance. The creditor sought to enforce his mortgage in the insular court by the executive proceeding permitted by the local law. This court granted an injunction to prevent him from doing so; and the court in its opinion in that case suggested the exact state of case which is now presented, to wit, a bill in this court to cancel an obligation, and subsequently a proceeding by the creditor to enforce the same obligation in the insular or state court. Then, unless this court, in which the first suit had been brought and in which the same question had been presented, to wit, the validity of the obligation, could act by injunction upon the defendant, there might be in one court a judgment canceling the obligation, and in the other, one enforcing it. This would lead to unseemly conflicts; and that it can be prevented by injunction, operating *in personam,* is supported by the following cases: Sharon

Kortright v. Cruz de Godines.

v. Terry, 13 Sawy. 387, 1 L. R. A. 572, 36 Fed. 337; Lanning v. Osborne, 79 Fed. 657; Shoemaker v. French, Chase, 267, Fed. Cas. No. 12,800. .

To avoid useless litigation and to prevent this court's possible action from being rendered ineffectual, a temporary injunction should be granted; and the order therefor, filed herewith, will be entered.